IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|     Respondent/Plaintiff,    ) | |
| vs.    ) | No. 3:01-CR-0134-M (01) |
| ) | No. 3:03-CV-0217-M |
| DEBRA COATES, ID # 26814-177,    ) | |
| a.k.a. Debra Flemons,    ) | |
|     Movant/Defendant.    ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case:** This is a Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to the provisions of 28 U.S.C. § 2255.

**B. Parties**: Movant is currently incarcerated in the federal prison system. The respondent is the United States of America (government).

**C. Procedural History:** In April 2001, the government indicted movant on fourteen counts of health care fraud and conspiracy to commit health care fraud. (*See* Indictment at 3-8.) On July 20, 2001, movant pled guilty to two of the counts pending against her. (*See* App. to Resp. at 30-31 (Plea Agreement ¶ 2).) She signed a factual resume in which she admitted to knowingly conspiring to commit health care fraud and to committing health care fraud by fraudulently billing Medicaid in excess of $3,500,000. (*See* Factual Resume at 1-6.) At a rearraignment hearing held July 20, 2001, the Court inquired into movant's medical conditions; her competency to plead to the charges

against her; her understanding of the charges, her Constitutional rights and the consequences of pleading guilty; her review and consideration of the plea agreement and factual resume; and the voluntariness of her plea of guilty. (*See* App. to Resp. at 36-59 (Tr. of Rearraignment Hearing).)

Prior to sentencing movant, the Court obtained and reviewed a Presentence Report (PSR) completed by a federal probation officer. (*See* App. to Resp. at 1-21 (PSR).) Movant provided a four-page statement regarding her acceptance of responsibility that is attached to the PSR. (*See id.* at 26-29.) Based upon that statement, the probation officer indicated that movant had "not met the requirements for acceptance of responsibility." (*Id.* at 6.) Movant objected to the PSR in that it denied her an adjustment based upon acceptance of responsibility. (*Id.* at 24 (Addendum to PSR).)

On October 12, 2001, the Court held a sentencing hearing. (*See id.* at 62-81 (Tr. of Sentencing Hearing).) The Court addressed movant's objection to the PSR regarding an adjustment based upon acceptance of responsibility and found that she did not qualify for such an adjustment. (*Id.* at 65, 67-70.) After hearing from movant, the Court sentenced her to the absolute minimum available sentence. (*See id.* at 71-73, 75-76.) In a judgment entered October 18, 2001, the District Court sentenced her to sixty months imprisonment on Count 1 and seventy months imprisonment on Count 2, to be served concurrently. (*See* Judgment.)

Although movant initially appealed her conviction or sentence, she withdrew that appeal on February 14, 2002. (*See* Mot. ¶ 9.) In January 2003, she filed the instant motion to vacate. (*Id.* at 10.) In her motion, she alleges that she received ineffective assistance of counsel when her trial attorney failed to (1) properly explain acceptance of responsibility to her so that she could seek and obtain a point reduction in the sentencing calculations, (2) meet with her prior to her meeting with the probation officer, (3) review the statement given to the probation officer with respect to her

2

acceptance of responsibility, (4) file a motion for downward departure, (5) adequately prepare for her sentencing hearing, and (6) adequately represent her at sentencing. (*Id.* at 7.)

On March 8, 2004, the government filed its response to the instant motion to vacate. (Resp. at 1.) It argues that movant received effective assistance of counsel. (*Id.* at 1-7.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Defendants who collaterally attack their federal convictions, furthermore, may not raise grounds previously raised on direct appeal. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997).

In addition, defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Shaid*, 937 F.2d at 232. A showing of ineffective assistance of counsel satisfies the cause and prejudice standard. *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant alleges that her trial attorney rendered ineffective assistance related to (A) her acceptance of responsibility; (B) failures to file a motion for downward departure; and (C) inadequate preparation for sentencing and inadequate representation at sentencing. (Mot. at 7.)

3

To successfully state a claim of ineffective assistance of counsel under Supreme Court precedent, movant must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). In such context, a movant must prove not only that the attorney "actually erred, but also that" there would have been no plea "but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

When a prisoner challenges his or her plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial." *Id.* To show prejudice in the sentencing context, the prisoner must demonstrate that the deficiencies of counsel created a reasonable probability that the imposed sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). "A reasonable prob-

4

ability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movants must "affirmatively prove prejudice." *Id.* at 693. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Id.* at 695-96. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations, furthermore, are insufficient to obtain collateral relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

### A. Failures Related to Acceptance of Responsibility

Movant alleges several alleged failures of counsel related to her acceptance of responsibility. (*See* Mot. at 7.) She alleges that her attorney failed to explain acceptance of responsibility to her so that she could seek and obtain a point reduction in the sentencing calculations, to meet with her prior to her meeting with the probation officer, and to review the statement given to the probation officer with respect to her acceptance of responsibility. (*Id.* at 7.)

Prior to sentencing, movant clearly knew that the Court could reduce her sentence if she accepted responsibility. (*See* App. to Resp. at 26-29 (document titled "Acceptance of Responsibility, Defendant's Statement of Offense"; 33 (Plea Agreement showing possible reduction); 54 (Tr. of Rearraignment showing possibility of such reduction). Furthermore, the Court expressed its concern about this issue at sentencing. (*Id.* at 67-68.) It specifically stated:

> Well, let me say that with respect to the issue of acceptance of responsibility, I am troubled by the statement [(prepared by movant and attached to PSR)]. I think the statement is accurately described by probation as an attempt to evade responsibility for the charge.
> That said, I am still considering acceptance of responsibility for Ms. Flemons, but if I don't hear anything further from her on that subject, then I'm not going to give her acceptance of responsibility.

5

(*Id.* at 67.)  Defense counsel responded without any objection by movant: "Your Honor, I believe that given the extensive nature of the letter . . . that she forwarded to probation, that there really isn't reasonable cause to believe that she would say anything different at this time." (*Id.* at 68.)  The Court thus found that petitioner was not entitled to a sentence adjustment based upon acceptance of responsibility.  (*Id.* at 69-70.)

Movant thereafter testified prior to the Court's imposition of sentence.  (*Id.* at 72-73.)  Such testimony validated her attorney's response to the Court's inquiry.  She specifically denied the existence of any conspiracy, she attempted to deflect responsibility for the crimes, and essentially continued to espouse the same sentiments presented in her "Acceptance of Responsibility" document given to probation.  (*Id.*)  After hearing her testimony, the Court stated:  "You have pleaded guilty, although it's obvious that you don't really believe that you are guilty or culpable.  You did plead guilty, but because you didn't show that you felt that you were culpable, the Court gave you no credit for acceptance of responsibility." (*Id.* at 75.)  The Court specifically determined that movant's oral testimony is consistent with her written statement and "reflects that [movant does] not accept responsibility in a meaningful sense for the criminal activity in which [she] engaged." (*Id.*)  Because the Court did not "believe it . . .appropriate to repeatedly penalize [her] for that fact", it sentenced her "at the low end of the guideline range." (*Id.* at 75-76.)

Even assuming for purposes of this motion that defense counsel failed to explain the concept of acceptance of responsibility, to meet with movant before her meeting with probation, and to review her "Acceptance of Responsibility" statement, movant's claims fail because she does not explain how the alleged failures prejudiced her. Although movant must affirmatively show prejudice, she provides nothing which shows that her sentence would have been less harsh in the absence of

6

these alleged failures. The record reflects that movant unsuccessfully attempted to show acceptance of responsibility. Movant does not show what counsel could have said or done to obtain a sentence reduction for acceptance of responsibility. Movant made both written and oral attempts to obtain such a sentence reduction. The Court found them insufficient. Under these facts, the Court does not find that movant was prejudiced by the alleged failures of counsel. These claims of ineffective assistance thus entitle movant to no relief on her motion to vacate.

### B. Failure to Move for Downward Departure

Movant also claims that her attorney failed to file a motion for downward departure despite having two "good and sufficient grounds" for doing so. (Mot. at 7.) She asserts that her attorney should have filed a motion for downward departure because she was in poor health and because her criminal history score overstates the seriousness of her criminal history. (*Id.*)

"If reliable information indicates that [the defendant's] criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." *See* USSG § 4A1.3, p.s. (2000). A downward departure from the guideline range may be warranted when "the court concludes that [the] defendant's criminal history category significantly over-represents the seriousness of [the] defendant's criminal history or the likelihood that the defendant will commit further crimes." *Id.*

The guidelines also contemplate a downward departure based upon a defendant's health. *See* USSG § 5H1.4, p.s. (2000). Although the physical condition of a defendant is ordinarily irrelevant to whether a court should impose a sentence outside the applicable guideline range, the Court may "impose a sentence below the applicable guideline range" for a defendant with "an extraordinary

7

physical impairment." *Id.* It is difficult to satisfy the extraordinary impairment requirement. *See United States v. Winters*, 105 F.3d 200, 208-09 (5th Cir. 1997) (finding no such impairment when the defendant suffered from "chronic inflammation of multiple organs"); *United States v. McKinney*, 53 F.3d 664, 677 (5th Cir. 1995) (finding no such impairment for a defendant with heart problems and high blood pressure); *United States v. Guajardo*, 950 F.2d 203, 208 (5th Cir. 1991) (finding no such impairment when the defendant suffered from "cancer in remission, high blood pressure, a fused right ankle, an amputated left leg, and drug dependency").

To show ineffective assistance of counsel based upon the failure to file motion for downward departure, movant must show that the Court would have granted such a motion had it been filed. The failure to file such a motion cannot prejudice the defendant unless the Court would have granted such a motion.

In this case, the Court knew that movant had a double transplant for her kidney and pancreas which required regular visits to a physician, a broken right ankle, diabetes, osteoporosis, high blood pressure, a heart condition with no recurring problems, and she suffered from medicinal side-effects. (*See* App. to Resp. at 14-15, 39.) At sentencing, furthermore, the Court indicated that it would "make a strong recommendation that [movant] be incarcerated in [a prison] that has suitable medical care, given [her] needs." (*Id.* at 79.) It noted that the medical facilities in Fort Worth were "surprisingly good", and that movant may "very well find that the medical care that can be given to [her] is better than that which [she had] been receiving." (*Id.* at 79-80.) The Court also knew the nature of movant's prior state offense. (*See id.* at 11-12.) More specifically, it knew that, in April 1996, movant pled guilty to possession of marijuana in state court and was placed on probation, and that while on probation for that offense, she committed the federal offenses which

led to the instant motion to vacate. (*Id.*) Based upon these two facts, the Court calculated movant's criminal history score, and placed her in Criminal History Category II.

Movant presents nothing to show that the Court would have departed downward from the applicable sentencing range had movant's attorney filed a motion for downward departure. The sentencing record indicates that the Court considered the offenses committed by movant to be "very serious" and the seventy-month imposed sentence to be "appropriate . . . in light of the nature of the offense and everything that [the Court] considered in connection with it." (*Id.* at 74-76.) Nothing indicates that the Court thought a Category II criminal history significantly over-represented the seriousness of movant's prior state offense. Nothing indicates that the Court would lower movant's sentence based upon her health condition. In short, nothing indicates that the Court would have granted the motions had counsel urged them. To the contrary, every indication is that the Court would have denied such a motion. Consequently, movant has shown no prejudice from the failures of his attorney to file a motion for downward departure.

Without a showing of prejudice, the failures of movant's attorney to file a motion for downward departure entitles her to no relief on her motion to vacate.

### C. Other Alleged Inadequacies of Counsel

Movant also claims that her attorney rendered ineffective assistance of counsel by inadequately preparing for sentencing and inadequately representing her at sentencing. (Mot. at 7.) Other than the specific alleged deficiencies of counsel that the Court has already addressed, petitioner provides no specifics with respect to these alleged inadequacies. To the extent movant seeks to argue some deficiency of counsel that has not been yet addressed by the Court, the Court finds the alleged inadequacies of counsel conclusory. "[C]onclusory allegations of ineffective

9

assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). The same is true in the context of a federal proceeding dealing with a motion to vacate filed by a federal prisoner. Without some specific showing regarding the alleged inadequacies of counsel, the instant claims of ineffective assistance of counsel fail. *Id.*

Because movant provides no specifics with respect to her allegations that her attorney inadequately prepared for sentencing and inadequately represented her at sentencing (other than the specific claims already addressed and rejected), such allegations entitle her to no relief on her motion to vacate.

## IV.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 11th day of April, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE